IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL CARABELLO,  :  | CIVIL NO. 3:CV-05-0613 |
| Petitioner,  : | |
| : | (Judge Munley) |
| v.  : | |
| : | |
| YORK COUNTY COURT, ET AL.,  : | |
| Respondents  : | |

## MEMORANDUM

On February 3, 2005, Petitioner Daniel Carabello ("Carabello"), filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 in which he attacks a conviction imposed by the Court of Common Pleas for York County. (Doc. 1-2). The petition, which was originally filed in the Eastern District of Pennsylvania, was transferred to this court on March 28, 2005. (Doc. 1-1). The petition is presently ripe for disposition. For the reasons set forth below, the petition will be dismissed as untimely.

I. Procedural Background.

On August 13, 2003, Carabello entered pleas of guilty in the Court of Common Pleas of York County to two counts of possession of drugs with intent to deliver and one count of criminal conspiracy to commit the same, in exchange for the imposition of concurrent sentences of five to ten years on all three counts. (Doc. 14, pp. 21-28). No direct appeal was taken.

On August 19, 2004, Carabello filed a Post Conviction Relief Act petition. (*Id.* at pp. 29-37). On August 23, 2004, counsel was appointed to represent him. (*Id.* at pp. 38, 39). Due to a conflict of interest, counsel withdrew and a new attorney was appointed. (*Id.* at 40). On October 16, 2004, Carabello requested that his petition be withdrawn. His request was granted and the petition was withdrawn that same date. (*Id.* at 43).

As noted above, Carabello filed the instant petition on February 3, 2005.

II. Discussion.

Respondent moves to dismiss the petition as untimely. The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which became effective on April 24, 1996, establishes a one-year statute of limitations for federal habeas corpus petitions filed by a person in state custody. 28 U.S.C. §2244(d)(1). Section 2244(d)(1) states that "[a] 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a state court." The statute then specifies that the limitation period shall run from the latest of four alternative dates. The applicable period in the instant matter is the date on which the judgment became final by the issuance of a final decision on direct appeal or by the expiration of the time period for seeking such review. *See Morris v. Horn*, 187 F.3d 333, 337, n. 1 (3d Cir. 1999); *Kapral v. United States*, 166 F.3d 565, 575, 577 (3d Cir. 1999); 28 U.S.C. §2244(d)(1)(A).

In seeking to dismiss the petition as untimely, Respondent argues that Carabello's conviction became final on September 12, 2003, when the time for pursuing a direct appeal to the Superior Court of Pennsylvania expired, and that the one-year statute of limitations began to run on that date. The Court agrees. Under the plain terms of § 2244(d)(1)(A), the period of time for filing a habeas corpus petition begins to run when direct review processes are concluded. For Carabello, since he failed to pursue a direct appeal, this process concluded when the time for seeking direct review expired. In Pennsylvania, a criminal defendant has thirty days from the date of his sentence to file a direct appeal with the superior court. *See* Pa. R. Crim. P. 720(a)(3). Carabello's conviction therefore became final on September 12, 2003 and the limitations period commenced on that date. Carabello therefore had until September 12, 2004, to file his 2254 petition, unless the period was tolled by pursuit of properly filed state post-conviction proceedings.

Carabello successfully tolled the statute on August 19, 2004, when he filed a petition for Post Conviction Collateral Relief with the Court of Common Pleas of York County. However, it began to run again on October 18, 2004, when Carabello withdrew that petition. At that time he had less than a month to file his petition in federal court. He did not file his petition until February 3, 2005, more than three months later. The petition is therefore untimely and is subject to dismissal.

AND NOW, to wit, this 21 day of July 2005, upon consideration of the petition for writ of habeas corpus (Doc. 1), **IT IS HEREBY ORDERED THAT**:

1. The petition for writ of habeas corpus is DISMISSED as untimely;

2. The Clerk of Court is directed to CLOSE this matter;

3. There is no basis for the issuance of a certificate of appealabilty.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court